# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>(Jointly Administered) |
| WOODBRIDGE GROUP OF COMPANIES, LLC; WOODBRIDGE STRUCTURED FUNDING, LLC; WOODBRIDGE MORTGAGE INVESTMENT FUND 1, LLC; WOODBRIDGE MORTGAGE INVESTMENT FUND 2, LLC; WOODBRIDGE MORTGAGE INVESTMENT FUND 3, LLC; WOODBRIDGE MORTGAGE INVESTMENT FUND 3A, LLC; WOODBRIDGE MORTGAGE INVESTMENT FUND 4, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>JEFFREY L. WENDEL, PROVIDENCE TRUST GROUP, LLC FBO JEFFREY L. WENDEL, IRA; JJC, INC FBO RETIREMENT PLAN FBO JEFFREY WENDEL, JODI M. WENDEL,<br><br>Defendants. | Adversary Proceeding<br>Case No. 18-50818 (KJC) |

## CERTIFICATION OF COUNSEL REGARDING PROPOSED AGREED SCHEDULING ORDER

The undersigned counsel for the above captioned debtors and debtors in possession

(collectively, the "Debtors") hereby certifies as follows:

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

01:24171850.1

1. On September 17, 2018, plaintiffs Woodbridge Group of Companies, LLC; Woodbridge Structured Funding, LLC; Woodbridge Mortgage Investment Fund 1, LLC; Woodbridge Mortgage Investment Fund 2, LLC; Woodbridge Mortgage Investment Fund 3, LLC; Woodbridge Mortgage Investment Fund 3A, LLC; and Woodbridge Mortgage Investment Fund 4, LLC (collectively, the "<u>Plaintiffs</u>") initiated the above-captioned adversary proceeding (the "<u>Adversary Proceeding</u>") by filing their *Complaint Objecting to Claims and Counterclaiming for Avoidance and Recovery of Avoidable Transfers and for Statutory and Equitable Subordination* [Adv. Docket No. 1] against defendants Jeffrey L. Wendel, Providence Trust Group, LLC FBO Jeffrey L. Wendel, IRA; JJC, Inc. FBO Retirement Plan FBO Jeffrey Wendel; and Jodi M. Wendel (collectively, the "<u>Defendants</u>" and together with the Plaintiffs, the "<u>Parties</u>").

2. On November 15, 2018, Defendants filed their *Answer and Affirmative Defenses of Defendants to Complaint Objecting to Claims and Counterclaiming for Avoidance and Recovery of Avoidable Transfers and for Statutory and Equitable Subordination* [Adv. Docket No. 6].

3. On February 6, 2019, the Parties conducted a telephonic Federal Rule of Civil Procedure 26(f) conference.

4. The Parties have since agreed to a proposed scheduling order (the "<u>Scheduling Order</u>"), a copy of which is attached as **Exhibit A**, governing discovery and other deadlines concerning the Adversary Proceeding. Defendants have authorized Plaintiffs to seek court approval of the Scheduling Order.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the proposed Scheduling Order at the Court's earliest convenience.

Dated: February 14, 2019  
Wilmington, Delaware

*/s/ Michael S. Neiburg*  
YOUNG CONAWAY STARGATT & TAYLOR, LLP  
Sean M. Beach (No. 4070)  
Edmon L. Morton (No. 3856)  
Michael S. Neiburg (No. 5275)  
Betsy L. Feldman (No. 6410)  
Rodney Square, 1000 North King Street  
Wilmington, Delaware 19801  
Tel:   (302) 571-6600  
Fax:   (302) 571-1253

-and-

KLEE, TUCHIN, BOGDANOFF & STERN LLP  
Kenneth N. Klee (*pro hac vice*)  
Michael L. Tuchin (*pro hac vice*)  
David A. Fidler (*pro hac vice*)  
Jonathan M. Weiss (*pro hac vice*)  
1999 Avenue of the Stars, 39th Floor  
Los Angeles, California 90067

*Counsel to the Debtors and Debtors in Possession*

# EXHIBIT A

**PROPOSED SCHEDULING ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>(Jointly Administered) |
| WOODBRIDGE GROUP OF COMPANIES, LLC; WOODBRIDGE STRUCTURED FUNDING, LLC; WOODBRIDGE MORTGAGE INVESTMENT FUND 1, LLC; WOODBRIDGE MORTGAGE INVESTMENT FUND 2, LLC; WOODBRIDGE MORTGAGE INVESTMENT FUND 3, LLC; WOODBRIDGE MORTGAGE INVESTMENT FUND 3A, LLC; WOODBRIDGE MORTGAGE INVESTMENT FUND 4, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>JEFFREY L. WENDEL, PROVIDENCE TRUST GROUP, LLC FBO JEFFREY L. WENDEL, IRA; JJC, INC FBO RETIREMENT PLAN FBO JEFFREY WENDEL, JODI M. WENDEL,<br><br>Defendants. | Adversary Proceeding<br>Case No. 18-50818 (KJC) |

## AGREED SCHEDULING ORDER

Plaintiff Woodbridge Group of Companies, LLC and its above-captioned co-plaintiffs,

debtors and debtors in possession (collectively, "Plaintiffs"), and defendants Jeffrey L. Wendel,

Providence Trust Group, LLC FBO Jeffrey L. Wendel, IRA; JJC, Inc. FBO Retirement Plan

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

01:24161290.2

FBO Jeffrey Wendel; and Jodi M. Wendel (together, "Defendants," and collectively with Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby submit this Agreed Scheduling Order and in support thereof state as follows:

A.      On September 17, 2018, Plaintiffs commenced this adversary proceeding (the "Adversary Proceeding") by filing a Complaint Objecting to Claims and Counterclaiming for Avoidance and Recovery of Avoidable Transfers and for Statutory and Equitable Subordination [Adv. Docket No. 1] against Defendants.

B.      On November 15, 2018, Defendants filed their Answer and Affirmative Defenses of Defendants to Complaint Objecting to Claims and Counterclaiming for Avoidance and Recovery of Avoidable Transfers and for Statutory and Equitable Subordination [Adv. Docket No. 6].

C.      On February 6, 2019, the Parties conducted a telephonic Federal Rule of Civil Procedure 26(f) conference.

NOW, THEREFORE, the Parties hereby request that the Court approve the following Agreed Scheduling Order governing discovery and related matters in the Adversary Proceeding:

1.      Plaintiffs and Defendants shall exchange their initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1) by **April 12, 2019**.

2.      <u>Fact Discovery.</u>

a.      Responses to all written fact discovery requests, including interrogatories, requests for production of documents, and requests for admission, shall be due within the time permitted by the applicable Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding pursuant to the Federal Rules of Bankruptcy Procedure. Discovery requests and written responses may be served electronically by email on counsel.

      b.     Fact witness depositions, including any non-party deposition(s) and deposition(s) to be conducted pursuant to Federal Rule of Civil Procedure 30(b)(6), shall be completed, and fact discovery shall close, no later than **September 27, 2019**.

      c.     The Parties will attempt, in good faith, to resolve all discovery disputes between the Parties before bringing any motion before the Court.

      d.     The Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), including, without limitation, Local Rule 7026-3, shall apply with respect to electronic discovery concerning the Adversary Proceeding.

3.     <u>Mediation</u>.

      a.     Pursuant to Local Rule 9019-5(a), the Adversary Proceeding shall be referred to mandatory mediation (the "Mediation").  No later than **October 18, 2019**, the Parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the Parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the Adversary Proceeding.

      b.     On or before **December 6, 2019**, the mediator shall either (a) file the mediator's certificate of completion or (b) if the Mediation is not concluded, file a status report that provides the projected schedule for completion of the Mediation.

4.     <u>Expert Discovery.</u>

      a.     The Parties shall provide expert reports for any issue on which they bear the burden of proof no later than **December 20, 2019**.  Any expert report intended to rebut any other expert report shall be filed no later than **January 15, 2020**.  All reports shall provide the information required by Federal Rule of Civil Procedure 26(a)(2)(B).

    b.  Expert witness depositions shall be completed, and expert discovery shall close, no later than **January 31, 2020**.

  5.  Unless otherwise agreed to by the Parties, all dispositive motions shall be filed and served on or before **February 28, 2020**, and shall be subject to Local Rule 7007-1.

  6.  Plaintiffs shall promptly notify Chambers upon the settlement, dismissal or other resolution of the Adversary Proceeding and shall file with the Court an appropriate filing evidencing such resolution as soon thereafter as practicable.

  7.  If needed and subject to the Court's availability, the Court shall conduct a pretrial status conference within forty-five (45) days following the latter of (i) the close of all discovery or (ii) the disposition of any dispositive motion(s).  At such pretrial status conference, the Court will establish the trial date(s) and the deadline by which the Parties must file and serve their Joint Pretrial Memorandum.

  8.  Except for any trial date(s) established by the Court, deadlines contained in this Agreed Scheduling Order may be modified by stipulation of the Parties without further order of the Court.  All deadlines, including trial date(s), may be modified by order of the Court upon written submission for good cause shown.

Dated: _____, 2019
   Wilmington, Delaware

                _____
                KEVIN J. CAREY
                UNITED STATES BANKRUPTCY JUDGE