# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| WOODBRIDGE LIQUIDATION TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>JEFFREY L. WENDEL, PROVIDENCE TRUST GROUP, LLC FBO JEFFREY L. WENDEL, IRA; JJC, INC FBO RETIREMENT PLAN FBO JEFFREY WENDEL, JODI M. WENDEL,<br><br>Defendants. | Adversary Proceeding<br>Case No. 18-50818 (BLS) |

## AMENDED AGREED SCHEDULING ORDER

Plaintiff Woodbridge Liquidation Trust and its above-captioned co-plaintiffs, debtors and debtors in possession (collectively, "Plaintiffs"), and defendants Jeffrey L. Wendel, Providence Trust Group, LLC FBO Jeffrey L. Wendel, IRA; JJC, Inc. FBO Retirement Plan FBO Jeffrey Wendel; and Jodi M. Wendel (together, "Defendants," and collectively with Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby submit this Amended Agreed Scheduling Order and in support thereof state as follows:

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard, #302, Sherman Oaks, California 91423.

2

A. On September 14, 2018, Plaintiffs commenced this adversary proceeding (the "Adversary Proceeding") by filing a Complaint Objecting to Claims and Counterclaiming for Avoidance and Recovery of Avoidable Transfers and for Statutory and Equitable Subordination [Adv. Docket No. 1] against Defendants.

B. On November 15, 2018, Defendants filed their Answer and Affirmative Defenses of Defendants to Complaint Objecting to Claims and Counterclaiming for Avoidance and Recovery of Avoidable Transfers and for Statutory and Equitable Subordination [Adv. Docket No. 6].

C. On February 6, 2019, the Parties conducted a telephonic Federal Rule of Civil Procedure 26(f) conference.

D. On February 14, 2019, the Court entered the *Agreed Scheduling Order* [Adv. Docket No. 8] (the "Original Scheduling Order").

E. On or about April 19, 2019, defendant Jeffrey L. Wendel filed a chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Ohio, Case No. 19-31219 (JPG) (the "Wendel Chapter 13 Case").

F. On May 8, 2019, the Parties entered into a *Stipulation Regarding Stay of Adversary Proceeding* [Adv. Docket No. 13-1] (the "Stay Stipulation").

G. On May 9, 2019, the Court entered an order approving the Stay Stipulation [Adv. Docket No. 14] (the "Stay Order"). The Stay Order provides, *inter alia*, that this Adversary Proceeding shall be stayed in its entirety pending further order of the Court and that all dates and deadlines established in the Original Scheduling Order shall be suspended pending further order of the Court.

H.     On August 28, 2019, the Ohio bankruptcy court entered an order dismissing the Wendel Chapter 13 Case.  Accordingly, there presently no automatic stay in effect with respect to Mr. Wendel or any other Defendant in this Adversary Proceeding.

NOW, THEREFORE, the Parties hereby request that the Court approve the following Amended Agreed Scheduling Order governing discovery and related matters in the Adversary Proceeding:

1.     The Stay Order is hereby vacated.

2.     Plaintiff served their initial disclosures on April 12, 2019.  Defendants shall serve their initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1) by **September 27, 2019**.

3.     <u>Fact Discovery.</u>

a.     Responses to all written fact discovery requests, including interrogatories, requests for production of documents, and requests for admission, shall be due within the time permitted by the applicable Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding pursuant to the Federal Rules of Bankruptcy Procedure.  Discovery requests and written responses may be served electronically by email on counsel.

b.     Fact witness depositions, including any non-party deposition(s) and deposition(s) to be conducted pursuant to Federal Rule of Civil Procedure 30(b)(6), shall be completed, and fact discovery shall close, no later than **April 17, 2020**.

c.     The Parties will attempt, in good faith, to resolve all discovery disputes between the Parties before bringing any motion before the Court.

        d.        The Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), including, without limitation, Local Rule 7026-3, shall apply with respect to electronic discovery concerning the Adversary Proceeding.

4.        <u>Mediation</u>.

        a.        Pursuant to Local Rule 9019-5(a), the Adversary Proceeding shall be referred to mandatory mediation (the "Mediation").  No later than **May 8, 2020**, the Parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the Parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the Adversary Proceeding.

        b.        On or before **June 19, 2020**, the mediator shall either (a) file the mediator's certificate of completion or (b) if the Mediation is not concluded, file a status report that provides the projected schedule for completion of the Mediation.

5.        <u>Expert Discovery.</u>

        a.        The Parties shall provide expert reports for any issue on which they bear the burden of proof no later than **July 10, 2020**.  Any expert report intended to rebut any other expert report shall be filed no later than **August 7, 2020**.  All reports shall provide the information required by Federal Rule of Civil Procedure 26(a)(2)(B).

        b.        Expert witness depositions shall be completed, and expert discovery shall close, no later than **August 21, 2020**.

6.        Unless otherwise agreed to by the Parties, all dispositive motions shall be filed and served on or before **September 25, 2020**, and shall be subject to Local Rule 7007-1.

7. Plaintiffs shall promptly notify Chambers upon the settlement, dismissal or other resolution of the Adversary Proceeding and shall file with the Court an appropriate filing evidencing such resolution as soon thereafter as practicable.

8. If needed and subject to the Court's availability, the Court shall conduct a pretrial status conference within forty-five (45) days following the latter of (i) the close of all discovery or (ii) the disposition of any dispositive motion(s). At such pretrial status conference, the Court will establish the trial date(s) and the deadline by which the Parties must file and serve their Joint Pretrial Memorandum.

9. Except for any trial date(s) established by the Court, deadlines contained in this Agreed Scheduling Order may be modified by stipulation of the Parties and with order of the Court. All deadlines, including trial date(s), may be modified by order of the Court upon written submission for good cause shown.

**Dated: September 16th, 2019**
**Wilmington, Delaware**

BRENDAN L. SHANNON UNITED STATES BANKRUPTCY JUDGE

5